*J. Morrison* and *S. Major*, for the appellees.

## THE STATE BANK v. NUTT.

A junior judgment creditor, whose judgment was rendered after the repeal of the act of 1841 relative to the redeeming of land, &c., could not redeem under that act.

APPEAL from the *Vigo* Circuit Court.

May Term, 1847.

THE STATE BANK v. NUTT.

Monday, July 12.

BLACKFORD, J.—This was a bill in chancery filed by *Edmund Nutt* against the State Bank of *Indiana.* The bill states that on the 13th of *December*, 1842, the bank recovered judgment against one *Charles F. Harrow*, in the *Marion* Circuit Court, on a bill of exchange dated the 7th of *December*, 1841; that a *fieri facias* to *Montgomery* county was issued on the judgment, and was levied on certain real estate there belonging to *Harrow*, which was not sold for want of buyers; that a *venditioni exponas* afterwards issued on the judgment, and the property was appraised and sold under the statute of 1841; and that a part of the property was purchased by the bank, at the sheriff's sale, on the 26th of *July*, 1844. The bill further states that the complainant, at the *October* term of the *Montgomery* Circuit Court, 1843, recovered judgment for a certain sum against said *Harrow* on a contract made in 1840; that *Harrow* having failed for twelve months to redeem the land bought by the bank, the complainant, as a junior judgment creditor, did, within thirty days after the expiration of said twelve months, viz., on the 26th of *July*, 1845, tender to the clerk of the *Marion* Circuit Court, at his office, for the purpose of redeeming the land purchased by the bank as aforesaid, the full amount of the purchase-money with interest, &c.; that the clerk having refused to receive the same, the complainant made a similar tender to the bank on the 30th of *July*, 1845, which was also refused; that the money was brought into Court, &c. Prayer, that the bank may be decreed to convey the land purchased by her as aforesaid to the complainant.

A demurrer to the bill was overruled, and a decree rendered for the complainant.

The statute of 1841, under which the complainant claims the right to redeem, enacts, that whenever any land or other real estate shall have been or may be sold on execution under any judgment or decree, it shall be lawful for the owner of such real estate, his heirs, &c., to redeem the same at any time within twelve months from the day of sale, by paying into the clerk's office from which such execution may have issued, the full amount of the purchase-money for which such real estate was sold on said execution with interest, &c.;

May Term,
1847.

The State
v.
Woolverton.
and that whenever such sale may be made as aforesaid, all junior incumbrancers on the land so sold, by judgment, &c., shall have the right to redeem any real estate, sold as aforesaid, in the same manner that the execution-defendant might have redeemed, at any time within thirty days after the expiration of said twelve months. Acts of 1841, p. 130.

This act of 1841, giving said right of redemption, was repealed in *January*, 1842. Acts of 1842, p. 66.

As the complainant's judgment was not rendered until long after the repeal of the act of 1841, we think it is very clear that he can have no right to redeem under that act. The act could not provide for cases which should originate subsequently to its repeal. Whether if the judgment had been rendered whilst the act was in force, the complainant could have redeemed after its repeal, is a question we have not examined.

*Per Curiam.*—The decree is reversed with costs. Cause remanded, &c.

*A. Kinney* and *S. B. Gookins*, for the appellant.

*H. S. Lane, S. C. Willson*, and *R. C. Gregory*, for the appellee.